THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SAMUEL ESTRADA CALDERÓN, Defendant and Appellant.

No. CR-66-337.        Decided February 16, 1968.

*Aníbal Flores Betancourt* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

---

PER CURIAM: Appellant was convicted of rape perpetrated on a woman 21 years old. There was no violence only that the prosecutrix, according to the medical opinion, was feeble-minded, incapable of giving or refusing consent to the sexual act. She was a person with an intelligence quotient of 43, representative of a mental age of 7 years. As a result of the sexual act, which occurred only once, the prosecutrix became pregnant and eventually gave birth to a girl.

At the commencement of the trial, the defendant was submitted to a psychiatric examination to determine his condition to stand trial. The medical experts maintained that he could stand trial that day. They did not have evidence that prior thereto the defendant had been receiving psychiatric treatment but they said that he had a low intelligence level. They could not determine whether certain disability defendant had in pronouncing might be of mental origin, but it could be a consequence of a fall defendant suffered at the age of 12 when there apparently was a skull fracture.

The prosecuting attorney could not obtain a testimony of the prosecutrix from the witness stand. Her foster-mother testified as to the fact of her being pregnant and giving birth to a girl, but did not refer to defendant in any manner. Defendant's confession, in which he accepted having had sexual relations at the request of the prosecutrix, was presented and admitted in evidence and in this confession he said that he knew that that girl had been "dopey-looking" for a long time.

The defendant testified in his trial and admitted the sexual act at the request of the prosecutrix who had for a long time been intimating and asking for it with certain gestures, but his testimony tended to show that he did not know of her mental state. The only other evidence was on defendant's reputation of being good.

On appeal we granted appellant legal aid. Later appel-

lant retained an attorney of his choice for which reason we relieved the Legal Aid Society of his representation.

Appellant's brief assigns as errors (1) "That the confession obtained by the prosecuting attorney from the defendant and admitted by the court is not admissible in evidence." (2) "That any type of this offense needs always some [?] of criminal intent."

■ None of the errors assigned was argued. An attorney does not fulfill his professional duty to this Court and to his client when he fails to argue the errors he assigns in his brief.

■ Actual ignorance on the part of the defendant of the deficient mental condition of the prosecutrix, if proved, would be a mitigating circumstance. *People v. Hernández,* 93 P.R.R. 423 (1966). In his testimony appellant attempted to bring this ignorance in his defense. *People v. García Pomales,* 94 P.R.R. 213 (1967).

■ The other evidence which indicates an element of knowledge of the mental condition of the prosecutrix is offered by the extrajudicial confession of the defendant. In view thereof, we have carefully examined the circumstances under which said statement was given and we come to the full conviction that it was entirely voluntary and was taken under the guarantees that the state of the law and the case law granted at that moment to a defendant. The trial of this case was held on March 17, 1966, prior to the decision of *Miranda v. Arizona,* 384 U.S. 436, decided June 13, 1966. See *People v. Guadalupe Rosa,* 94 P.R.R. 180 (1967).

The trial court weighed and evaluated the confession in the light of the rest of the evidence and convicted appellant. There is no basis to disturb such verdict. However, considering the fact that in this case there was total absence of violence or intimidation; that everything indicates that the sexual act was performed at the intimation of the prosecutrix herself, perhaps as a consequence of her feeblemindedness;

that appellant is a person of low intelligence; that the act was carried out once only a child having been procreated, appellant having stated on one occasion his desire to decide the matter by marrying the prosecutrix, the purposes of justice are better served if the sentence from one to three years in the penitentiary is adjusted to a sentence of one year to one year six months in the penitentiary.

The judgment will be modified in the manner indicated and as thus modified, it will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein. Mr. Justice Blanco Lugo agrees as to the affirmance but dissents as to the reduction of the penalty. Mr. Justice Ramírez Bages does not agree with the modification of the judgment.